By the Court.—Rapallo, J.
This was an action for assault and battery, brought by the appellant’s intestate. The plaintiff had a verdict at the circuit. On *2 exceptions heard in the first instance at the gbneral term, a new trial was ordered. The plaintiff afterward died, and this appeal from the order granting the new trial was brought by her administratrix, Sarah A. Wood, under a stipulation allowing the administratrix to be substituted as plaintiff, without prejudice to the defendant’s objection that the action had abated.
A motion is now made to dismiss the appeal, on the ground that the action has abated by the death of the plaintiff, and that the cause of action did not survive.
■ At common law the action and the cause of action, in cases of this description, died with the person; even • after verdict, if the death took place before judgment. By the Revised Statutes (2 Rev. Stat., 387, § 4), where either party died after verdict and before judgment, the court was empowered to enter judgment on the verdict within two terms thereafter. By section 131 •of the Code, it is provided that after verdict in an action for a wrong, the action shall not abate by the death of any party, but the case shall proceed thereafter in the same manner as in cases where the cause of action ¡survives.
A claim for damages for a purely personal wrong, while it remains unliquidated and unascertained by a verdict, dies witb the person ; but the intent of the section of the Code above cited seems to be to prevent "that result,- after the claim has been ascertained by a verdict. In that case the verdict, becomes property which passes to the representatives of the deceased, •as a judgment would at common law. It becomes the duty of the executor or administrator to defend it for the benefit of the estate. If set aside after the death ■of the party, there seems to be no reason why the .'representative should not be entitled to prosecute such ¡appeal as the law allows for the purpose of having it restored. He is not in such a case prosecuting an action for the original tort, but is endeavoring to save and *3 restore the verdict. So long as the right to review the action of the court in setting aside a verdict continues, it cannot be said that the verdict is absolutely annihilated, for it is still capable of being restored to life.
In the present case, the death appears to have taken place after the order for a new trial was granted, but this fact does not change substantially the rights of the parties. The right to appeal from the decision granting the new trial and to proceed for the purpose of restoring the verdict, can be: held to pass to the personal representatives, on the same principle upon w*bich the right to enforce the verdict passes to them.
There is nothing in the language of section 121 inconsistent with this view, and it seems to accord with the spirit of the section. It is much broader than the. provision of the Revised Statutes, and liberally construed would go much farther than required by this case. But it is not necessary now to decide what its effect would be if the verdict had been for the defen- • .dant, or the order for a new trial had been final and not appealable, and the plaintiff had been remitted to the original cause of action.
This appeal which has for its sole object the review of the decision setting aside the verdict and the restoration of the verdict, is not subject to the objections that might be raised in such a case. The appellant does not now seek a recovery upon the original cause of action, but simply the amendment of an order depriving her of a right which, according to the terms of the statute, would survive and be assets in her hands. •
All the judges concurred, except G-roveb, J., who dissented.
Motion denied, with costs."